**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

EVENS HILLAIRE, CASE NO.:

Plaintiff,

v.

CENTRAL SHARED SERVICES. LLC d/b/a EAST FLORIDA SUPPLY CHAIN SERVICES, a Foreign Limited Liability Company, and HEALTHTRUST WORKFORCE SOLUTIONS, LLC d/b/a PARALLON WORKFORCE SOLUTIONS a Foreign Limited Liability Company,

Defendants.
______________________________________________/

**NOTICE OF REMOVAL**

Defendants, Central Shared Services, LLC ("CSC"), and HealthTrust Workforce Solutions, LLC ("HealthTrust"), by and through undersigned counsel, hereby remove the state court action bearing Case No. CACE 23-12458 (01) currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1441(a), for the reasons set forth below:

1. On May 2, 2023, the plaintiff, Evens Hillaire ("Plaintiff"), commenced a civil action against Defendants captioned *Evens Hillaire v. Central Shared Services, LLC, and HealthTrust Workforce Solutions, LLC,* bearing Case No.: CACE 23-12458 (the "Complaint"), in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"). The Complaint alleges claims of race and national origin discrimination under the Florida Civil Rights Act ("FCRA") in connection with Plaintiff's employment with the named Defendants.



132983126.1

2. The Summons and Complaint were served on both Defendants on May 2, 2023.

3. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that no more than 30 days has elapsed since service was made on either Defendant.

4. To date, no response has not filed to the State Court Action.

5. Pursuant to 28 U.S.C. § 1446(a), attached hereto as composite **Exhibit A** are copies of the Summons, and the Complaint, filed by the Plaintiff in state court, as well as the state court Docket Sheet and copies of all process, pleadings, papers and orders, now on file in the state court. These documents constitute all "processes, pleadings and orders" served upon Defendants in the State Court Action to date.

6. The instant action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332, on the basis of diversity of citizenship.

***Diversity of Citizenship***

7. For purposes of determining diversity, the citizenship of a limited liability company is determined by the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). To sufficiently allege the citizenship of an LLC, a party removing a case to federal court must list the citizenship of each of the LLC's members. *Id.*

8. **CSC:** As set forth in the Declaration of Michael Bray, attached as **Exhibit B**, Defendant CSC is a Virginia limited liability company. The attached Declaration of Michael Bray reflects that CSC's sole member is Parallon Business Solutions, LLC, whose sole member is Parallon Holdings, LLC, whose sole member is SSHR Holdco, LLC, whose sole member is EP

Health, LLC, whose sole member is HealthTrust, Inc. – the Hospital Company which is incorporated in Delaware and has its principal place of business in Tennessee.

9. **HealthTrust:** Also addressed in the Declaration of Michael Bray, is that Defendant HealthTrust is a Tennessee limited liability company. HealthTrust's sole member is Parallon Business Solutions, LLC, whose sole member is Parallon Holdings, LLC, whose sole member is SSHR Holdco, LLC, whose sole member is EP Health, LLC, whose sole member is HealthTrust, Inc. – the Hospital Company which is incorporated in Delaware and has its principal place of business in Tennessee.

10. As such, diversity of citizenship exists as between Plaintiff, on the one hand, and both CSC and HealthTrust on the other hand. *See Gonzalez v. Wal-Mart Stores East, LP,* 2021 WL 4786604 (M.D. Fla. Oct. 14, 2021) ("A partnership assumes the citizenship of its partners and limited liability companies assumes the citizenship of their members. Thus because all of [Defendant's] partners, its partners members, and its members' member are incorporated or have their principal place of business outside of Florida, [Defendant] is diverse from [Plaintiff], a citizen of Florida.").

11. Accordingly, Defendants have satisfied the requirement of complete diversity of citizenship under 28 U.S.C. § 1332.

***Amount in Controversy***

12. "Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the applicable jurisdictional requirement." *Digital Age Marketing Group, Inc. v. Sentinel Insurance Company Limited*, 504 F.Supp.3d 1345, 1347 (S.D. Fla. 2020) *citing Tapscott v. MS Dealer Serv. Corp*, 77 F.3d 1353, 1356-57 (11th Cir. 1996).

13. Plaintiff's Complaint asserts claims under the FCRA for discrimination due to his race and national origin. As such, Plaintiff seeks to recover (1) economic damages for lost wages and benefits, and compensatory damages for emotional distress, (2) punitive damages, and (3) statutory attorney's fees.

14. **Economic Damages:** Plaintiff's Complaint seeks damages in excess of $50,000 for economic and compensatory damages exclusive of attorney's fees.

15. **Attorney's Fees:** Additionally, Plaintiff's claims under the FCRA provide a statutory entitlement to the recovery of attorney's fees, and thus must also be considered in determining whether the amount in controversy exceeds the jurisdictional amount. "When a stature authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy" for determining the $75,000 threshold. *Morrison v. Allstate Indemnity Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000).

16. **Punitive Damages:** Similarly, punitive damages must also be considered in determining the amount in controversy unless it is apparent to a legal certainty that such damages cannot be recovered. Courts have held that the amount in controversy requirement is met where, as here, a plaintiff couples a request for a compensatory award with a demand for unspecified punitive damages. *Pease v. Medtronic, Inc.,* 6 F. Supp.2d 1354, 1357 (S.D. Fla. 1998) (denied motion to remand where plaintiff alleged damages in excess of $15,000 but also sought punitive damages); *Wakeland v. Brown & Williamson Tobacco Co*., 996 F.Supp. 1213 (S.D. Ala. 1998) (denied motion to remand where plaintiff sought "compensatory and punitive damages in an unspecified amount"); *Tetzeli v. Liberty Mutual Insurance Co.,* Case No. 05-23071 (S.D. Fla.

2006)[1] (complaint seeking $20,000 in compensatory damages, statutory attorney's fees and unspecified punitive damages sufficient to exceed jurisdictional threshold).

17. As such, this showing is sufficient to establish that the matter in controversy exceeds $75,000 exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332.

18. The Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida is located within the district of the United States District Court for the Southern District of Florida. As such, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the clerk of the state court in which the State Court Action is currently pending.

20. This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, based on the foregoing, Defendants respectfully request that this cause be removed in its entirety to the United States District Court for the Southern District of Florida, that this Court assume full jurisdiction of this cause, and that this Court take all further action deemed just and proper.

---

[1] A copy of this decision is attached as **Exhibit C**.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 30, 2023 the foregoing was filed with the Clerk of the Court through Florida's e-Portal, which will send an electronic notice of filing and service copy of the foregoing to all registered users authorized to receive service of filings in the above case including:

Peter M. Hoogerwoerd
Corey L. Seldin
Remer, Georges-Pierre & Hoogerwoerd, PLLC
2745 Ponce De Leon Boulevard
Coral Gables, FL 33134
pmh@rgph.law
cseldin@rgph.law

*/s/ Alexander D. del Russo*
Alexander D. del Russo
Florida Bar No.: 350273
adelrusso@carltonfields.com
kcasazza@carltonfields.com
wpbecf@cfdom.net
**CARLTON FIELDS, P.A.**
CityPlace Tower – Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6350
Telephone: (561) 659-7070
*Attorneys for Defendants*